# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

VINCENT VALDEZ DAVIS,

    Plaintiff,

v.

M. WYKOFF, et al.,

    Defendants.

Case No. CV 20-1682-PA (JEM)

MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

On February 20, 2020, Vincent Valdez Davis ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). On March 23, 2020, Plaintiff filed a First Amended Complaint ("FAC").

## **SCREENING STANDARDS**

In accordance with the provisions of the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court must screen the FAC before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28

---

[1] Plaintiff states that he "is no longer in custody" and, therefore, is not subject to the requirements of the PLRA. (FAC at 6.) However, the documents before the Court and the CDCR's inmate locator flatly contradict Plaintiff's statements and indicate that Plaintiff has been incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California, from the time this lawsuit was filed to the present. Thus, the Court concludes that Plaintiff is an inmate subject to the requirements of the PLRA.

U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,

623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the FAC under the relevant standards and for the reasons discussed below, the Court finds that the FAC must be **DISMISSED WITH LEAVE TO AMEND.**

## **PLAINTIFF'S ALLEGATIONS**

At all relevant times, Plaintiff was a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Defendant M. Wykoff was a Correctional Officer at the California Men's Colony ("CMC") in San Luis Obispo, California. Defendant J. Gastello was the Warden of CMC. Plaintiff has sued both Defendants in their individual and official capacities.

Plaintiff alleges the following:

> While housed at Sierra Vista Hospital, for a surgery, I needed to use the toilet facilities. A nurse accom[m]odated me by escorting me to the toilet. Officer M. Wykoff walked directly behind me, while my hospital gown was completely open in the back. A male officer, Rodriguez, was in front of me, observing me walk. Upon reaching the bathroom, M. Wykoff took full view of me while I sat down on the toilet. Officer Rodriguez came over and pushed the door closed.
>
> When completing my movement, and coming out of the bathroom, M. Wykoff had changed sides with Rodriguez so that she was behind me again on the return escort. I felt so demeaned and humiliated to be in such a vulnerable position, and have a officer of the opposite sex specifically manipulate the situation so that she could take advantage of my position and view me naked.

(FAC at 5.) Gastello is "responsible for the actions of her employees" and "allowed M. Wykoff to take assignments at the Sierra Vista Hospital, where men wearing hospital gown[s], with open back-sides were known to be." (FAC at 3.)

It appears that Plaintiff is attempting to assert a claim for violation of his right to bodily privacy under the Fourth Amendment. Plaintiff seeks monetary damages. (FAC at 6.)

## DISCUSSION

### I. PLAINTIFF'S OFFICIAL-CAPACITY CLAIMS AGAINST DEFENDANTS ARE BARRED BY THE ELEVENTH AMENDMENT

Plaintiff has sued Defendants in their individual and official capacities. (FAC at 3.) Plaintiff's official capacity claims are barred by the Eleventh Amendment.

In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. The Supreme Court reasoned that a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the State itself, which would be barred by the Eleventh Amendment. See id.; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995). "[T]he [E]leventh [A]mendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages . . . ." Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988). However, the Eleventh Amendment "does not preclude a suit against state officers for prospective relief from an ongoing violation of federal law." Children's Hospital and Health Ctr. v. Belshe, 188 F.3d 1090, 1095 (9th Cir.1999).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's

consent or Congress' intent must be "unequivocally expressed." See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of California's Eleventh Amendment immunity). Furthermore, Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.

Here, Plaintiff seeks monetary damages against Defendants in their official capacities as CDCR officers. (FAC at 3.) Plaintiff's official capacity claims against Defendants are tantamount to claims against the State of California, which are barred by the Eleventh Amendment. If Plaintiff chooses to file an amended complaint, he should not sue Defendants in their official capacities.

## II. PLAINTIFF FAILS TO STATE AN INDIVIDUAL CAPACITY CLAIM AGAINST WARDEN GASTELLO

In a Section 1983 action, a supervisory official cannot be held liable under a theory of respondeat superior or vicarious liability. See, e.g., Iqbal, 556 U.S. at 676. A supervisor's mere knowledge of the unconstitutional conduct of a subordinate does not amount to the supervisor's own violation of the Constitution. See id. at 677 (rejecting this theory of supervisory liability). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id.

Under Section 1983, a supervisor may be liable if a plaintiff demonstrates either: (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Edgerly v. City & County of San Francisco, 599 F.3d 946, 961 (9th Cir. 2010); MacKinney v. Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995). Liability also can be established if the supervisor set in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury. Johnson, 588 F.2d at

743-44.  However, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  Ivey, 673 F.2d at 268.  Thus, a high ranking administrator such as the Warden cannot be held liable under Section 1983, absent a showing of personal involvement in the constitutional deprivation, or if there was a sufficient causal connection between the Warden's wrongful conduct and the constitutional violation.  See Redman v. Warden of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).

Plaintiff's claims against Gastello in her individual capacity are based solely on her supervisory position as Warden of CMC.  Plaintiff alleges no facts demonstrating that Gastello was personally involved in or individually caused the alleged constitutional deprivation.  Thus, Plaintiff has failed to state a civil rights claim against Gastello in her individual capacity.

If Plaintiff chooses to file an amended complaint, he should not name Gastello as a Defendant unless he can truthfully allege facts demonstrating that Gastello was personally involved in causing the alleged constitutional violation.

### III.  PLAINTIFF FAILS TO STATE A FOURTH AMENDMENT CLAIM

The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."  Hudson v. Palmer, 468 U.S. 517, 526 (1984).  The Court noted "[t]he recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions."  Id.

"The Ninth Circuit has nevertheless recognized that prisoners do retain limited rights to bodily privacy under the Fourth Amendment."  Lay v. Porker, 371 F. Supp. 2d 1159, 1164 (C.D. Cal. 2004) (citing Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988) ("We recognize that incarcerated prisoners retain a limited right to bodily privacy.")); Bull v. San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc) (holding "[t]he Fourth Amendment applies to the invasion of bodily privacy in prisons and jails").  The Ninth Circuit has, thus, found strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" may be unconstitutional.  Michenfelder, 860 F.2d at 332.

However, as the court also stated "we cannot assume from the fact that the searches cause immense anguish that they therefore violate protected Fourth Amendment interests. Far from it, our prior case law suggests that prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited." Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993); see also Michenfelder, 860 F.2d at 322 (visual body-cavity searches of male inmates conducted within view of female guards held constitutional). Nonetheless, the Ninth Circuit held alleged cross-gender viewing of pre-trial detainees "in showers and toilets frequently and up close" was sufficient to state a claim under the Fourth Amendment. Byrd v. Maricopa Cty. Bd. of Supervisors, 845 F.3d 919, 923 (9th Cir. 2017) (emphasis added).

Here, Plaintiff alleges that Officer Wykoff violated his Fourth Amendment rights when she escorted Plaintiff to and from the bathroom while he was recovering from surgery at Sierra Vista Hospital. (FAC at 5.) Plaintiff's hospital gown was open in the back, Wykoff walked behind Plaintiff during the escort, and therefore Wykoff was able see Plaintiff's naked backside. (Id.) The facts alleged are not sufficient to sustain a claim for violation of bodily privacy under the Fourth Amendment. There is nothing to indicate that Wykoff's brief viewing of Plaintiff's naked backside while escorting Plaintiff to and from the bathroom was "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." See Michenfelder, 860 F.2d at 332. Nor does he allege "frequent" observation. See Byrd, 845 F.3d at 923. Rather, it was legitimate and appropriate for Plaintiff to wear a hospital gown with an open back while he was in the hospital recovering from back surgery. It was legitimate and appropriate for Plaintiff to be escorted to and from the bathroom by correctional officers since he was an inmate who was only temporarily out of prison for surgery. There is nothing to indicate that Wykoff viewed Plaintiff more closely or frequently than necessary to perform the single, limited escort alleged in the FAC.

In light of the law holding that a prisoner's right to legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited, Plaintiff's allegations are not sufficient to state a Fourth Amendment claim. Plaintiff may file an amended complaint that

7

addresses the deficiencies of his Fourth Amendment claim as discussed above, although it appears unlikely that he will be able to do so.

*************

For the reasons set forth herein, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is also directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a Second Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: March 26, 2020

　　　　　　　　　　　　　/s/ John E. McDermott
　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE